<u>SETTLEMENT AGREEMENT</u>

This Settlement Agreement (Agreement) is entered into among the United States of America, acting through the United States Department of Justice and on behalf of the Office of Inspector General (OIG-HHS) of the Department of Health and Human Services (HHS) and the Defense Health Agency (DHA), acting on behalf of the TRICARE Program (collectively the "United States"); Life Care and Forrest L. Preston (collectively, "Defendants"); and Relators Tammie Taylor and Glenda Martin (collectively the "Relators") (hereafter all collectively referred to as "the Parties"), through their authorized representatives.

<u>RECITALS</u>

A.    Life Care provides rehabilitative services, including physical, occupational, and speech therapy, to patients at numerous skilled nursing facilities (SNFs) nationwide, and bills Medicare and TRICARE for such services.  For purposes of this Agreement, the term "Life Care" means Life Care Centers of America, Inc., its predecessors and current and former subsidiaries, divisions, affiliates (including the entities identified on Attachment B, attached hereto and incorporated herein), brother and sister corporations, companies, and partnerships, and in its capacity as a joint venture participant and its capacity as an owner, operator, or manager including with respect to the entities identified on Attachment B.

B.    On June 25, 2008, relator Tammie Taylor filed a *qui tam* action in the United States District Court for the Southern District of Florida captioned *United States ex rel. Taylor v. Life Care Centers of America, Inc.*, Civil Action No. 08-60971, pursuant to the *qui tam* provisions of the False Claims Act, 31 U.S.C. § 3730(b) (the Taylor Action).  On October 16, 2008, relator Glenda Martin filed a *qui tam* action in the United States District Court for the Eastern District of Tennessee captioned *United States ex rel. Martin v. Life Care Centers of*

1

*Settlement Agreement between*
*the United States, Life Care, Forrest*
*L. Preston, Tammie Taylor, and Glenda Martin*

Case 1:08-cv-00251-HSM-CHS   Document 416   Filed 10/27/16   Page 1 of 33   PageID #: 11506

*America, Inc.*, Civil Action No. 1:08-CV-251, pursuant to the *qui tam* provisions of the False

Claims Act, 31 U.S.C. § 3730(b) (the Martin Action).  Among other things, the Taylor and

Martin *qui tam* complaints alleged that Life Care billed Medicare for unreasonable and

unnecessary rehabilitation therapy.  On February 23, 2012, the Taylor Action was transferred to

the United States District Court for the Eastern District of Tennessee and assigned Civil Action

No. 1:12-CV-64.  On October 1, 2012, the United States intervened in the Taylor and Martin

Actions and filed the United States' Complaints in Intervention.  The Taylor and Martin Actions

were consolidated on November 12, 2012, and the United States filed its Consolidated

Complaint on November 28, 2012.

      C.      The United States filed a separate complaint in the United States District Court

for the Eastern District of Tennessee captioned *United States v. Forrest L. Preston*, Civil Action

No. 1:16-cv-113 (the "Preston Complaint").  Collectively, Civil Action Nos. 1:08-cv-251, 1:12-

cv-64, and 1:16-cv-113 are referred to as the "Civil Actions."

      D.      The United States contends that Life Care submitted or caused to be submitted

claims for payment to the Medicare Program (Medicare), Title XVIII of the Social Security Act,

42 U.S.C. §§ 1395-1395kkk-1, and the TRICARE Program (TRICARE), 10 U.S.C. §§ 1071-

1110b.

      E.      The United States contends that it has certain civil claims against Life Care

arising from Life Care's conduct of allegedly causing the submission of false claims to Medicare

and TRICARE as alleged in the United States' Consolidated Complaint during the period from

January 1, 2006 to February 28, 2013.  The United States also contends that it has certain civil

claims against Forrest L. Preston as set forth in the Preston Complaint.  Collectively, this conduct

is referred to below as the "Covered Conduct."

2

F.      This Agreement is neither an admission of liability by Defendants nor a concession by the United States that its claims are not well founded.

G.      Relators claim entitlement under 31 U.S.C. § 3730(d) to a share of the proceeds of this Agreement and to their reasonable expenses, attorneys' fees and costs.

To avoid the delay, uncertainty, inconvenience, and expense of protracted litigation of the above claims, and in consideration of the mutual promises and obligations of this Agreement, the Parties agree and covenant as follows:

<u>TERMS AND CONDITIONS</u>

1.      a.      Defendants agree to pay the United States the sum of One Hundred Forty-Five Million Dollars ($145,000,000) (the "Settlement Amount"). Settlement Amount payments must be made according to the schedule attached hereto and incorporated herein as Attachment A. Interest shall accrue on any unpaid balance at a rate of 1.75 percent per annum, beginning on August 18, 2016.

b.      All payments of any portion or all of the Settlement Amount and/or interest thereon shall be made by electronic funds transfer pursuant to written instructions to be provided by the Civil Division of the United States Department of Justice.

c.      Any portion or all of the Settlement Amount, as well as any interest accrued thereof, may be prepaid at any time without penalty.

2.      Conditioned upon the United States receiving the Settlement Amount payments from the Defendants, the United States agrees that as soon as feasible after receipt of the payment it shall pay by electronic funds transfer 20 percent of each such payment received under the Agreement to counsel for Relator Tammie Taylor, as Escrow Agent for both Relators and

their counsel pursuant to the terms of a separate Escrow Agreement dated August 12, 2016 between Relators.

3.      Defendants agree to pay a total of $813,350.86 in full satisfaction of any claim Relators may have for attorneys' fees and costs, as contemplated by 31 U.S.C. § 3730(d) ("Relators' Fees").  Within five days of the Effective Date of this Agreement, Defendants shall pay $293,445.42 of the Relators' Fees to Relator Tammie Taylor and $519,905.44 of the Relators' Fees to Relator Glenda Martin.  Payments shall be made in accordance with written instructions to be provided by counsel for each Relator.

4.      Subject to the exceptions in Paragraph 8 (concerning excluded claims) below, and conditioned upon Defendants' full payment of the Settlement Amount plus all accrued interest, the United States releases Life Care from any civil or administrative monetary claim the United States has for the Covered Conduct under the False Claims Act, 31 U.S.C. §§ 3729-3733; the Civil Monetary Penalties Law, 42 U.S.C. § 1320a-7a; the Program Fraud Civil Remedies Act, 31 U.S.C. §§ 3801-3812; or the common law theories of payment by mistake, unjust enrichment, conversion, and fraud.  Subject to the exceptions in Paragraph 8 (concerning excluded claims) below, and conditioned upon Defendants' full payment of the Settlement Amount plus all accrued interest, the United States releases Forrest L. Preston from any civil or administrative monetary claim the United States has for the Covered Conduct under the theories of unjust enrichment, equitable lien, and constructive trust.

5.      Subject to the exceptions in Paragraph 8 below, and conditioned upon Defendants' full payment of the amounts described in Paragraph 3 and the Settlement Amount payments according to the schedule attached hereto as Attachment A, Relators, for themselves and for their heirs, successors, attorneys, agents, and assigns, release Life Care and Forrest L.

4

Preston from any civil monetary claim the Relators have on behalf of the United States for the Covered Conduct, the Taylor Action, and the Martin Action under the False Claims Act, 31 U.S.C. §§ 3729-3733, including under 31 U.S.C. § 3730(d) for expenses or attorneys' fees and costs. Further, in addition to Relators' release for the Covered Conduct, the Taylor Action, and the Martin Action in the preceding sentence of this Paragraph, and conditioned upon Defendants' full payment of the Relators' Fees and the Settlement Amount payments according to the schedule attached hereto as Attachment A, Relators, for themselves and for their heirs, successors, attorneys, agents, and assigns, releases any and all actions, causes of action, claims, suits, demands, rights, damages, losses, costs, expenses, fees, accounts, judgments, executions, debts, obligations, and any and all other liabilities of any kind or nature whatsoever either in law or in equity whether known or unknown, suspected or unsuspected, that Relators, to the date of this Agreement, ever had or now have against Defendants or current and former parent corporations; current and former direct and indirect subsidiaries; current and former brother and sister corporations; current and former limited liability companies; current and former partnerships; current and former affiliate entities; current and former divisions; current and former owners; current and former directors, officers, members, managers, partners, shareholders, employees, agents, attorneys, servants, other representatives, and the predecessors, successors, transferees, and assigns of any of them. This paragraph is intended to be interpreted as a general release of Defendants on behalf of Relators.

6. In consideration of Defendants' obligations in this Agreement and the Corporate Integrity Agreement (CIA), entered into between OIG-HHS and Life Care Centers of America, Inc. and Forrest L. Preston, and conditioned upon Defendants' full payment of the Settlement Amount, the OIG-HHS agrees to release and refrain from instituting, directing, or maintaining

5

any administrative action seeking exclusion from Medicare, Medicaid, and other Federal health care programs (as defined in 42 U.S.C. § 1320a-7b(f)) against Life Care Centers of America, Inc. and Forrest L. Preston under 42 U.S.C. § 1320a-7a (Civil Monetary Penalties Law) or 42 U.S.C. § 1320a-7(b)(7) (permissive exclusion for fraud, kickbacks, and other prohibited activities) for the Covered Conduct, except as reserved in this Paragraph and in Paragraph 8 below (concerning excluded claims). The OIG-HHS expressly reserves all rights to comply with any statutory obligations to exclude Defendants from Medicare, Medicaid, and other Federal health care programs under 42 U.S.C. § 1320a-7(a) (mandatory exclusion) based upon the Covered Conduct. Nothing in this Paragraph precludes the OIG-HHS from taking action against entities or persons, or for conduct and practices, for which claims have been reserved in Paragraph 8 below.

7. In consideration of Defendants' obligations set forth in this Agreement, and conditioned upon Defendants' full payment of the Settlement Amount, DHA agrees to release and refrain from instituting, directing, or maintaining any administrative action seeking exclusion from the TRICARE Program against Life Care and Forrest L. Preston under 32 C.F.R. § 199.9 for the Covered Conduct, except as reserved in this Paragraph and in Paragraph 8 below (concerning excluded claims). DHA expressly reserves authority to exclude Life Care from the TRICARE Program under 32 C.F.R. §§199.9(f)(1)(i)(A), (f)(1)(i)(B), and (f)(1)(iii) (mandatory exclusion), based upon the Covered Conduct. Nothing in this Paragraph precludes DHA or the TRICARE Program from taking action against entities or persons, or for conduct and practices, for which claims have been reserved in Paragraph 8 below.

8. Notwithstanding the releases given in Paragraphs 4, 5, 6, and 7 of this Agreement, or any other term of this Agreement, the following claims of the United States are specifically reserved and are not released:

6

a.      Any liability arising under Title 26, U.S. Code (Internal Revenue Code);

b.      Any criminal liability;

c.      Except as explicitly stated in this Agreement, any administrative liability, including mandatory exclusion from Federal health care programs;

d.      Any liability to the United States (or its agencies) for any conduct other than the Covered Conduct;

e.      Any liability based upon obligations created by this Agreement;

f.      Any liability of individuals other than Forrest L. Preston;

g.      Any liability for express or implied warranty claims or other claims for defective or deficient products or services, including quality of goods and services;

h.      Any liability for failure to deliver goods or services due; and

i.      Any liability for personal injury or property damage or for other consequential damages arising from the Covered Conduct.

9.      Relators and their heirs, successors, attorneys, agents, and assigns shall not object to this Agreement but agree and confirm that this Agreement is fair, adequate, and reasonable under all the circumstances, pursuant to 31 U.S.C. § 3730(c)(2)(B). Conditioned upon Relators' receipt of the payments described in Paragraph 2, Relators and their heirs, successors, attorneys, agents, and assigns fully and finally release, waive, and forever discharge the United States, its agencies, officers, agents, employees, and servants, from any claims arising from the filing of the Civil Action or under 31 U.S.C. § 3730, and from any claims to a share of the proceeds of this Agreement and/or the Civil Action.

10.     Defendants waive and shall not assert any defenses Defendants may have to any criminal prosecution or administrative action relating to the Covered Conduct that may be based

*Settlement Agreement between*
*the United States, Life Care, Forrest*
*L. Preston, Tammie Taylor, and Glenda Martin*

in whole or in part on a contention that, under the Double Jeopardy Clause in the Fifth Amendment of the Constitution, or under the Excessive Fines Clause in the Eighth Amendment of the Constitution, this Agreement bars a remedy sought in such criminal prosecution or administrative action. Nothing in this Paragraph or any other provision of this Agreement constitutes an agreement by the United States concerning the characterization of the Settlement Amount for purposes of the Internal Revenue laws, Title 26 of the United States Code.

11. Defendants fully and finally release the United States, its agencies, officers, agents, employees, and servants, from any claims (including attorney's fees, costs, and expenses of every kind and however denominated) that Defendants have asserted, could have asserted, or may assert in the future against the United States, its agencies, officers, agents, employees, and servants, related to the Covered Conduct and the United States' investigation and prosecution thereof.

12. Conditioned upon all Relators and their counsel signing and filing the Joint Stipulations of Dismissal with prejudice as to the Civil Actions and all Relators' claims as to the Covered Conduct, as set forth in Paragraph 20 below and Relators' release as set forth in Paragraph 5 of this Agreement, Defendants fully and finally release the Relators from any claims (including attorney's fees, costs, and expenses of every kind and however denominated) that Defendants have asserted, could have asserted, or may assert in the future against the Relators, related to the Covered Conduct and the Relators' investigation and prosecution thereof. Further, in addition to Defendants' release in the preceding sentence of this Paragraph, Defendants, for themselves and for their heirs, successors, attorneys, agents, and assigns, release any and all actions, causes of action, claims, suits, demands, rights, damages, losses, costs, expenses, fees, accounts, judgments, executions, debts, obligations, and any and all other liabilities of any kind

8

or nature whatsoever either in law or in equity whether known or unknown, suspected or unsuspected, that any Defendant, to the date of this Agreement, ever had or now have against either Relator or any of their heirs, successors, attorneys, agents, and assigns. This paragraph is intended to be interpreted as a general release of Relators on behalf of Defendants.

13.     The Settlement Amount shall not be decreased as a result of the denial of claims for payment now being withheld from payment by any Medicare contractor (e.g., Medicare Administrative Contractor, fiscal intermediary, carrier), TRICARE, or any state payer, related to the Covered Conduct; and Life Care agrees not to resubmit to any Medicare contractor, TRICARE, or any state payer any previously denied claims related to the Covered Conduct, agrees not to appeal any such denials of claims, and agrees to withdraw any such pending appeals.

14.     Defendants agree to the following:

a.     <u>Unallowable Costs Defined</u>:  All costs (as defined in the Federal Acquisition Regulation, 48 C.F.R. § 31.205-47; and in Titles XVIII and XIX of the Social Security Act, 42 U.S.C. §§ 1395-1395kkk-1 and 1396-1396w-5; and the regulations and official program directives promulgated thereunder) incurred by or on behalf of Life Care, its present or former officers, directors, employees, shareholders, and agents in connection with:

(1)     the matters covered by this Agreement;

(2)     the United States' audit(s) and civil investigation(s) of the matters covered by this Agreement;

(3)     Defendants' investigation, defense, and corrective actions undertaken in response to the United States' audit(s) and civil investigation(s) in

9

connection with the matters covered by this Agreement (including attorney's fees);

(4)     the negotiation and performance of this Agreement;

(5)     the payment Defendants make to the United States pursuant to this Agreement and any payments that Defendants may make to Relators, including costs and attorneys' fees; and

(6)     the negotiation of, and obligations undertaken pursuant to the CIA to:

(i) retain an independent review organization to perform annual reviews as described in Section III of the CIA; and (ii) prepare and submit reports to the OIG-HHS

are unallowable costs for government contracting purposes and under the Medicare Program, Medicaid Program, TRICARE Program, and Federal Employees Health Benefits Program (FEHBP) (hereinafter referred to as Unallowable Costs).  However, nothing in Paragraph 15.a.(6) that may apply to the obligations undertaken pursuant to the CIA affects the status of costs that are not allowable based on any other authority applicable to Defendants.

b.     <u>Future Treatment of Unallowable Costs</u>:  Unallowable Costs shall be separately determined and accounted for in nonreimbursable cost centers by Defendants, and Defendants shall not charge such Unallowable Costs directly or indirectly to any contracts with the United States or any State Medicaid program, or seek payment for such Unallowable Costs through any cost report, cost statement, information statement, or payment request submitted by Life Care or any of its subsidiaries or affiliates to the Medicare, Medicaid, TRICARE, or FEHBP Programs.

10

c.     Treatment of Unallowable Costs Previously Submitted for Payment:

Defendants further agree that within ninety (90) days of the Effective Date of this Agreement it shall identify to applicable Medicare and TRICARE fiscal intermediaries, carriers, and/or contractors, and Medicaid and FEHBP fiscal agents, any Unallowable Costs (as defined in this Paragraph) included in payments previously sought from the United States, or any State Medicaid program, including, but not limited to, payments sought in any cost reports, cost statements, information reports, or payment requests already submitted by Life Care or any of its subsidiaries or affiliates, and shall request, and agree, that such cost reports, cost statements, information reports, or payment requests, even if already settled, be adjusted to account for the effect of the inclusion of the Unallowable Costs.  Defendants agree that the United States, at a minimum, shall be entitled to recoup from Defendants any overpayment plus applicable interest and penalties as a result of the inclusion of such Unallowable Costs on previously-submitted cost reports, information reports, cost statements, or requests for payment.

Any payments due after the adjustments have been made shall be paid to the United States pursuant to the direction of the Department of Justice and/or the affected agencies.  The United States reserves its rights to disagree with any calculations submitted by Defendants or any of its subsidiaries or affiliates on the effect of inclusion of Unallowable Costs (as defined in this Paragraph) on Defendants or any of its subsidiaries or affiliates' cost reports, cost statements, or information reports.

d.     Nothing in this Agreement shall constitute a waiver of the rights of the United States to audit, examine, or re-examine Life Care's books and records to determine that no Unallowable Costs have been claimed in accordance with the provisions of this Paragraph.

11

*Settlement Agreement between*
*the United States, Life Care, Forrest*
*L. Preston, Tammie Taylor, and Glenda Martin*

15.     Defendants agree to cooperate fully and truthfully with the United States'
investigation of individuals and entities not released in this Agreement.  Upon reasonable notice,
Defendants shall encourage, and agree not to impair, the cooperation of its directors, officers,
and employees, and shall use its best efforts to make available, and encourage, the cooperation of
former directors, officers, and employees for interviews and testimony, consistent with the rights
and privileges of such individuals.  Defendants further agree to furnish to the United States, upon
request, complete and unredacted copies of all non-privileged documents, reports, memoranda of
interviews, and records in its possession, custody, or control concerning any investigation of the
Covered Conduct that it has undertaken, or that has been performed by another on its behalf.

16.     This Agreement is intended to be for the benefit of the Parties only.  The Parties
do not release any claims against any other person or entity, except to the extent provided for in
Paragraph 17 below (concerning waiver for beneficiaries).

17.     Defendants agree that they waive and shall not seek payment for any of the health
care billings covered by this Agreement from any health care beneficiaries or their parents,
sponsors, legally responsible individuals, or third party payors based upon the claims defined as
Covered Conduct.

18.     Defendants warrant that they have reviewed their financial situation and that they
currently are solvent within the meaning of 11 U.S.C. §§ 547(b)(3) and 548(a)(1)(B)(ii)(I), and
shall remain solvent following payment to the United States of the Settlement Amount.  Further,
the Parties warrant that, in evaluating whether to execute this Agreement, they (a) have intended
that the mutual promises, covenants, and obligations set forth constitute a contemporaneous
exchange for new value given to Defendants, within the meaning of 11 U.S.C. § 547(c)(1), and
(b) conclude that these mutual promises, covenants, and obligations do, in fact, constitute such a

12

contemporaneous exchange. Further, the Parties warrant that the mutual promises, covenants, and obligations set forth herein are intended to and do, in fact, represent a reasonably equivalent exchange of value that is not intended to hinder, delay, or defraud any entity to which Defendants were or became indebted to on or after the date of this transfer, within the meaning of 11 U.S.C. § 548(a)(1).

19.     If within 91 days of the Effective Date of this Agreement or of any payment made under this Agreement, Defendants commence, or a third party commences, any case, proceeding, or other action under any law relating to bankruptcy, insolvency, reorganization, or relief of debtors (a) seeking to have any order for relief of Defendants' debts, or seeking to adjudicate Defendants as bankrupt or insolvent; or (b) seeking appointment of a receiver, trustee, custodian, or other similar official for Defendants or for all or any substantial part of Defendants' assets, Defendants agree as follows:

a.     Defendants' obligations under this Agreement may not be avoided pursuant to 11 U.S.C. § 547, and Defendants shall not argue or otherwise take the position in any such case, proceeding, or action that: (i) Defendants' obligations under this Agreement may be avoided under 11 U.S.C. § 547; (ii) Defendants were insolvent at the time this Agreement was entered into, or became insolvent as a result of the payment made to the United States; or (iii) the mutual promises, covenants, and obligations set forth in this Agreement do not constitute a contemporaneous exchange for new value given to Defendants.

b.     If Defendants' obligations under this Agreement are avoided for any reason relating to bankruptcy, insolvency, reorganization, or relief of debtors as discussed in this Section 19, including, but not limited to, through the exercise of a trustee's avoidance powers under the Bankruptcy Code, the United States, at its sole option, may rescind the releases in this

13

Agreement and bring any civil and/or administrative claim, action, or proceeding against Defendants for the claims that would otherwise be covered by the releases provided in Paragraphs 4, 5, 6, and/or 7 above. Defendants agree that (i) any such claims, actions, or proceedings brought by the United States are not subject to an "automatic stay" pursuant to 11 U.S.C. § 362(a) as a result of the action, case, or proceedings described in the first clause of this Paragraph, and Defendants shall not argue or otherwise contend that the United States' claims, actions, or proceedings are subject to an automatic stay; (ii) Defendants shall not plead, argue, or otherwise raise any defenses under the theories of statute of limitations, laches, estoppel, or similar theories, to any such civil or administrative claims, actions, or proceeding that are brought by the United States within 91 calendar days of written notification to Defendants that the releases have been rescinded pursuant to this Paragraph, except to the extent such defenses were available on the date the Consolidated Complaint was filed; and (iii) the United States has a valid claim against Defendants in the amount of $1 billion, and the United States may pursue its claim in the case, action, or proceeding referenced in the first clause of this Paragraph, as well as in any other case, action, or proceeding. If Defendants' obligations under this Agreement are avoided for any reason relating to bankruptcy, insolvency, reorganization, or relief of debtors as discussed in this Section 19, including, but not limited to, through the exercise of a trustee's avoidance powers under the Bankruptcy Code, Relators shall have the same rights with respect to such case, action, or proceeding as they would have had the Taylor Action and Martin Action remained pending, including any right to a relators' share of any recovery, and at Relators' election the United States' rescission of the releases in this Agreement pursuant to this paragraph shall also operate as a rescission of Relators' releases in this Agreement.

14

c.      Defendants acknowledge that its agreements in this Paragraph are provided in exchange for valuable consideration provided in this Agreement.

20.      Upon the United States' receipt of the initial Settlement Amount payment described in Attachment A ($45 million plus accrued interest), to occur within 5 days of the Effective Date, the Parties shall within 72 hours sign and file in the Civil Actions Joint Stipulations of Dismissal pursuant to Rule 41(a)(1).  The dismissal shall be with prejudice as to the United States' and/or Relators' claims as to the Covered Conduct.  The Joint Stipulations shall request that the Court retain jurisdiction of the Consolidated Complaint and Preston Complaint to enforce the terms of this Agreement.

21.      Time is of the essence as to all payments required under Paragraph 1 and Attachment A.  In the event that the Defendants fail to make a Settlement Amount payment within ten (10) days of the date upon which such payment is due in accordance with the schedule set forth in Attachment A, the Defendants shall be in default of their payment obligations (hereinafter "Default").  In the event of Default, the United States will provide written notice of the Default ("Notice of Default") to the Defendants, and Defendants shall have an opportunity to cure the Default within five (5) days from the date the Notice of Default is received by mail ("Cure Period").  Notice of Default will be delivered to the following individuals by mail and, for counsel only, by email: (1) Scot Hasselman at Reed Smith LLP, 1301 K Street NW, Suite 1000-East Tower, Washington, D.C. 20005, and shasselmman@reedsmith.com; (ii) Roger W. Dickson at Miller & Martin, PLLC, 832 Georgia Avenue, 1000 Volunteer Building, Chattanooga, TN 37402 and rdickson@millermartin.com; and (iii) Forrest L Preston at Life Care Centers of America, 3570 Keith St. NW, Cleveland, TN 37312, or to such other representative as Defendants shall designate in advance in writing.  Notice of Default shall be considered

15

"received" by mail when the Notice is delivered to the addresses set forth above. If Defendants

fail to cure the Default within the Cure Period as described in this Paragraph, the entire unpaid

balance of the Settlement Amount, plus any accrued interest, shall become immediately due and

payable. If Defendants fail to cure the Default within the Cure Period as described in this

Paragraph, the Defendants agree to a consent judgment in the amount of the unpaid balance of

the Settlement Amount plus accrued interest.

22.     Notwithstanding the foregoing, in the event of Default as defined in Paragraph 21,

above, OIG-HHS may exclude Defendants from participating in all Federal health care programs

until Defendants pay the Settlement Amount and accrued interest as set forth in Paragraph 21,

above. OIG-HHS will provide written notice of any such exclusion to Defendants. Defendants

waive any further notice of the exclusion under 42 U.S.C. § 1320a-7(b)(7), and agree not to

contest such exclusion either administratively or in any state or federal court. Reinstatement to

program participation is not automatic. If at the end of the period of exclusion, Defendants wish

to apply for reinstatement, they must submit a written request for reinstatement to OIG-HHS in

accordance with the provisions of 42 C.F.R. §§ 1001.3001-.3005. Defendants will not be

reinstated unless and until OIG-HHS approves such request for reinstatement.

23.     Except with respect to Defendants' payment of Relators' Fees as set forth above,

each Party shall bear its own legal and other costs incurred in connection with this matter,

including the preparation and performance of this Agreement.

24.     Each party and signatory to this Agreement represents that it freely and

voluntarily enters into this Agreement without any degree of duress or compulsion.

25.     This Agreement is governed by the laws of the United States. The exclusive

jurisdiction and venue for any dispute relating to this Agreement is the United States District

Court for the Eastern District of Tennessee. For purposes of construing this Agreement, this Agreement shall be deemed to have been drafted by all Parties to this Agreement and shall not, therefore, be construed against any Party for that reason in any subsequent dispute.

26. This Agreement constitutes the complete agreement between the Parties. This Agreement may not be amended except by written consent of the Parties.

27. The undersigned represent and warrant that they are fully authorized to execute this Agreement on behalf of the persons and entities indicated below.

28. This Agreement may be executed in counterparts, each of which constitutes an original and all of which constitute one and the same Agreement.

29. This Agreement is binding on Defendants' successors, transferees, heirs, and assigns.

30. This Agreement is binding on Relator's successors, transferees, heirs, and assigns.

31. All parties consent to the United States' disclosure of this Agreement, and information about this Agreement, to the public.

32. This Agreement is effective on the date of signature of the last signatory to the Agreement (Effective Date of this Agreement). Facsimiles and electronic transmissions of signatures shall constitute acceptable, binding signatures for purposes of this Agreement.

33. Unless otherwise agreed to in writing, all notices required by this Agreement shall be in writing and sent to the following individuals, or to any other such individual as a Party may designate in writing:

17

On behalf of the United States:
Andy J. Mao
P.O. Box 251
Ben Franklin Station
Washington, D.C. 20044
Andy.mao@usdoj.gov

On behalf of Defendants:
Scot T. Hasselman, Esq.
Reed Smith LLP
1301 K Street NW, Suite 1000 – East Tower
Washington, D.C. 20005
shasselman@reedsmith.com


Roger W. Dickson, Esq.
Miller & Martin, PLLC
832 Georgia Avenue
1000 Volunteer Building
Chattanooga, TN 37402
rdickson@millermartin.com

Forrest L. Preston
Life Care Centers of America
3570 Keith St., N.W.
Cleveland, TN 37312


[Signature Pages Follow]

*Settlement Agreement between*
*the United States, Life Care, Forrest*
*L. Preston, Tammie Taylor, and Glenda Martin*

## THE UNITED STATES OF AMERICA

DATED: 10/24/16    BY:
_____
ANDY J. MAO
Assistant Director
Commercial Litigation Branch
Civil Division
United States Department of Justice

DATED: 10/24/16    BY:
_____
ROBERT MCCONKEY
Assistant United States Attorney
United States Attorney's Office for the
Eastern District of Tennessee

DATED: 10/24/16    BY:
_____
SUSAN TORRES
Assistant United States Attorney
United States Attorney's Office for the
Southern District of Florida

DATED: _____    BY:
_____
LISA M. RE
Assistant Inspector General for Legal Affairs
Office of Counsel to the Inspector General
Office of Inspector General
United States Department of Health and Human Services

DATED: _____    BY:
_____
BRYAN T. WHEELER
Acting General Counsel
Defense Health Agency
United States Department of Defense

19

*Settlement Agreement between*
*the United States, Life Care, Forrest*
*L. Preston, Tammie Taylor, and Glenda Martin*

## THE UNITED STATES OF AMERICA

DATED: _____   BY: _____
ANDY J. MAO
Assistant Director
Commercial Litigation Branch
Civil Division
United States Department of Justice

DATED: _____   BY: _____
ROBERT MCCONKEY
Assistant United States Attorney
United States Attorney's Office for the
Eastern District of Tennessee

DATED: _____   BY: _____
SUSAN TORRES
Assistant United States Attorney
United States Attorney's Office for the
Southern District of Florida

DATED: 10/21/16   BY: _____
LISA M. RE
Assistant Inspector General for Legal Affairs
Office of Counsel to the Inspector General
Office of Inspector General
United States Department of Health and Human Services

DATED: _____   BY: _____
BRYAN T. WHEELER
Acting General Counsel
Defense Health Agency
United States Department of Defense

19

*Settlement Agreement between*
*the United States, Life Care, Forrest*
*L. Preston, Tammie Taylor, and Glenda Martin*

## THE UNITED STATES OF AMERICA

DATED: _____    BY:    _____
                               ANDY J. MAO
                               Assistant Director
                               Commercial Litigation Branch
                               Civil Division
                               United States Department of Justice

DATED: _____    BY:    _____
                               ROBERT MCCONKEY
                               Assistant United States Attorney
                               United States Attorney's Office for the
                               Eastern District of Tennessee

DATED: _____    BY:    _____
                               SUSAN TORRES
                               Assistant United States Attorney
                               United States Attorney's Office for the
                               Southern District of Florida

DATED: _____    BY:    _____
                               LISA M. RE
                               Assistant Inspector General for Legal Affairs
                               Office of Counsel to the Inspector General
                               Office of Inspector General
                               United States Department of Health and Human Services

DATED: 10|12|16    BY:    _____
                               BRYAN T. WHEELER
                               Acting General Counsel
                               Defense Health Agency
                               United States Department of Defense

19

*Settlement Agreement between*
*the United States, Life Care, Forrest*
*L. Preston, Tammie Taylor, and Glenda Martin*

**LIFE CARE**

DATED: _October 19, 2016_ BY: _[signature]_
FORREST L. PRESTON
Chairman and Sole Shareholder
Life Care Centers of America, Inc.

DATED: _October 20, 2016_ BY: _[signature]_
Scot T. Hasselman, Esq.
Katie C. Pawlitz, Esq.
Reed Smith LLP
Counsel for Life Care Centers of America, Inc.

DATED: _____ BY: _____
Roger W. Dickson, Esq.
Kyle W. Eiselstein, Esq.
Miller & Martin PLLC
Counsel for Life Care Centers of America, Inc.

**FORREST L. PRESTON**

DATED: _October 18, 2016_ BY: _[signature]_
FORREST L. PRESTON

DATED: _October 20, 2016_ BY: _[signature]_
Scot T. Hasselman, Esq.
Katie C. Pawlitz, Esq.
Reed Smith LLP
Counsel for Forrest L. Preston

DATED: _____ BY: _____
Roger W. Dickson, Esq.
Kyle W. Eiselstein, Esq.
Miller & Martin PLLC
Counsel for Forrest L. Preston

20

*Settlement Agreement between*
*the United States, Life Care, Forrest*
*L. Preston, Tammie Taylor, and Glenda Martin*

## LIFE CARE

DATED: _____ BY: _____
                     FORREST L. PRESTON
                     Chairman and Sole Shareholder
                     Life Care Centers of America, Inc.

DATED: _____ BY: _____
                     Scot T. Hasselman, Esq.
                     Katie C. Pawlitz, Esq.
                     Reed Smith LLP
                     Counsel for Life Care Centers of America, Inc.

DATED: Oct. 21, 2016 BY: _____
                     Roger W. Dickson, Esq.
                     Kyle W. Eiselstein, Esq.
                     Miller & Martin PLLC
                     Counsel for Life Care Centers of America, Inc.

## FORREST L. PRESTON

DATED: _____ BY: _____
                     FORREST L. PRESTON

DATED: _____ BY: _____
                     Scot T. Hasselman, Esq.
                     Katie C. Pawlitz, Esq.
                     Reed Smith LLP
                     Counsel for Forrest L. Preston

DATED: Oct. 21, 2016 BY: _____
                     Roger W. Dickson, Esq.
                     Kyle W. Eiselstein, Esq.
                     Miller & Martin PLLC
                     Counsel for Forrest L. Preston

20

*Settlement Agreement between*
*the United States, Life Care, Forrest*
*L. Preston, Tammie Taylor, and Glenda Martin*

<u>TAMMIE TAYLOR</u>

DATED: _10/12/16_     BY: _Tammie Taylor_

TAMMIE TAYLOR

DATED: _10/2/16_     BY: _____

Anthony Vitale, Esq.
Counsel for Tammie Taylor

21

*Settlement Agreement between*
*the United States, Life Care, Forrest*
*L. Preston, Tammie Taylor, and Glenda Martin*

**GLENDA MARTIN**

DATED: /0/12/16    BY: _____
                                  GLENDA MARTIN

DATED: /0/13/16    BY: _____
                                   Michael A. Sullivan, Esq.
                                   Finch McCranie, LLP
                                   Counsel for Glenda Martin

DATED: _____    BY: _____
                                    G. Mark Simpson, Esq.
                                   Simpson Law Firm, LLC
                                   Counsel for Glenda Martin

22

## **GLENDA MARTIN**

DATED: _____  BY:  _____
                     GLENDA MARTIN

DATED: _____  BY:  _____
                     Michael A. Sullivan, Esq.
                     Finch McCranie, LLP
                     Counsel for Glenda Martin

DATED: __10-11-16__  BY:  _____
                     G. Mark Simpson, Esq.
                     Simpson Law Firm, LLC
                     Counsel for Glenda Martin

22

## Attachment A – Payment Schedule

| Quarter | Due Date | Payment | Interest 1.75% | Principal | Balance |
|---|---|---|---|---|---|
| (Interest start date) | 8/18/2016[1] | | | | $145,000,000.00 |
| Within 5 days of Effective Date | 10/31/2016[2] | $45,514,452.05 | $514,452.05 | $45,000,000.00 | $100,000,000.00 |
| 1 | 11/30/2016[3] | $8,479,166.66 | $145,833.33 | $8,333,333.33 | $91,666,666.67 |
| 2 | 2/28/2017 | $8,734,375.00 | $401,041.67 | $8,333,333.33 | $83,333,333.34 |
| 3 | 5/31/2017 | $8,697,916.66 | $364,583.33 | $8,333,333.33 | $75,000,000.01 |
| 4 | 8/31/2017 | $8,661,458.33 | $328,125.00 | $8,333,333.33 | $66,666,666.68 |
| 5 | 11/30/2017 | $8,625,000.00 | $291,666.67 | $8,333,333.33 | $58,333,333.35 |
| 6 | 2/28/2018 | $8,588,541.66 | $255,208.33 | $8,333,333.33 | $50,000,000.02 |
| 7 | 5/31/2018 | $8,552,083.33 | $218,750.00 | $8,333,333.33 | $41,666,666.69 |
| 8 | 8/31/2018 | $8,515,625.00 | $182,291.67 | $8,333,333.33 | $33,333,333.36 |
| 9 | 11/30/2018 | $8,479,166.66 | $145,833.33 | $8,333,333.33 | $25,000,000.03 |
| 10 | 2/28/2019 | $8,442,708.33 | $109,375.00 | $8,333,333.33 | $16,666,666.70 |
| 11 | 5/31/2019 | $8,406,250.00 | $72,916.67 | $8,333,333.33 | $8,333,333.37 |
| 12 | 8/31/2019 | $8,369,791.70 | $36,458.33 | $8,333,333.37 | $0.00 |
| Total | | $148,066,535.38 | $3,066,535.38 | $145,000,000.00 | |

Notes:
1.  Interest begins to accrue as of August 18, 2016.
2.  First payment is due within five days of the Effective Date of this Agreement; first payment is estimated to be made October 31, 2016.
3.  Interest on the payment due November 30, 2016 accrues interest for 1 month only.
4.  Any portion or all of the Settlement Amount, as well as any interest accrued thereof, may be prepaid at any time without penalty.

23

*Settlement Agreement between*
*the United States, Life Care, Forrest*
*L. Preston, Tammie Taylor, and Glenda Martin*

**ATTACHMENT B**
**Life Care Facility Entities**

| Facility | State | Enrollee |
|---|---|---|
| Acton | MA | Life Care Centers of America, Inc. |
| | | Life Care Centers of America, Inc. |
| Alameda Oaks | TX | Alameda Oaks Medical Investors, LLC |
| Alderwood | WA | Consolidated Resources Health Care Fund I, L.P. |
| Altamonte Springs | FL | Life Care Centers of America, Inc. |
| | | Life Care Centers of America, Inc. |
| Andover | KS | Andover Medical Investors, LLC |
| Athens | TN | Life Care Centers of America, Inc. |
| Attleboro | MA | Attleboro Medical Investors Limited Partnership |
| Auburn | MA | Auburn Medical Investors Limited Partnership |
| Auburn | WA | Cascade Medical Investors Limited Partnership |
| Aurora | CO | Arapahoe Medical Investors, LLC |
| | | Consolidated Resources Health Care Fund I, L.P. |
| Banner Elk | NC | Banner Elk Operations, LLC |
| Bardstown | KY | Bardstown Medical Investors, LTD |
| Bel Tooren | CA | Life Care Centers of America, Inc. |
| | | Life Care Centers of America, Inc. |
| Berkley Manor | CO | Berkley Medical Investors, LLC |
| Blount | TN | Blount Medical Investors, Inc. |
| Boise | ID | Life Care Centers of America, Inc. |
| Bothell | WA | Life Care Centers of America, Inc. |
| Bountiful | UT | Bountiful Medical Investors, LLC |
| Briarwood | CO | Life Care Centers of America, Inc. |
| Bridge View | ID | Bridgeview Medical Investors, LLC |
| | | United Investors Limited Partnership |
| Bridgeton | MO | Bridgeton Operations, LLC |
| Brookfield | MO | Brookfield Medical Investors, LLC |
| Bruceton-Hollow Rock | TN | Milford Medical Investors Limited Partnership |
| Burien | WA | Burien Medical Investors, LLC |
| | | Life Care Centers of America, Inc. |
| Burlington | KS | Burlington Medical Investors, LLC |
| Camellia Gardens | GA | Life Care Centers of America, Inc. |
| Canon Lodge | CO | Colorado Medical Investors, LLC |
| Cape Girardeau | MO | Cape Girardeau Operations, LLC |
| | | United Investors Limited Partnership d/b/a United Medical |
| Carollton | MO | Investors Limited Partnership (in MO) |
| Cascade Park | WA | Cascade Medical Investors Limited Partnership |
| Casper | WY | Life Care Centers of America, Inc. |
| Centerville | TN | Centerville Medical Investors, LLC |
| Centre Pointe | FL | Centre Pointe HRC, LLC |
| Charleston | SC | Charleston Medical Investors, LLC |
| Chattanooga | TN | Chattanooga Medical Investors Limited Partnership |
| Cherry Hill | MA | Life Care Centers of America, Inc. |
| Cheyenne | WY | Cheyenne Operations, LLC |
| Citadel Care Center | AZ | Life Care Centers of America, Inc. |
| Citrus County | FL | Life Care Centers of America, Inc. |

| Facility | State | Enrollee |
|---|---|---|
| Cleveland | TN | Life Care Centers of America, Inc. |
| Coeur d'Alene | ID | Lake City Medical Investors Limited Partnership |
| Collegedale | TN | Consolidated Resources Health Fund I, L.P. |
| Colonial Hills | TN | Colonial Development, Inc. |
| Colorado Springs | CO | Colorado Springs Medical Investors, LLC |
| Columbia | SC | RCM-Columbia, Inc. |
| Columbia | TN | Columbia Operations, LLC |
| Columbine Manor | CO | Life Care Centers of America, Inc. |
| Coos Bay | OR | Life Care Centers of America, Inc. |
| Copper Basin | TN | Life Care Centers of America, Inc. |
| Corona | CA | Life Care Centers of America, Inc. |
| Cottesmore | WA | Gig Harbor Retirement Investors, LLC |
| Crossville | TN | Crossville Medical Investors, LLC |
| | | Darcy Hall, Inc. |
| Darcy Hall | FL | Darcy Hall Medical Investors, LLC |
| Desert Cove | AZ | Chandler United Medical Investors Limited Partnership |
| East Ridge | TN | Life Care Centers of America, Inc. |
| Elizabethton | TN | Elizabethton Medical Investors Limited Partnership |
| Elkhorn | NE | Consolidated Resources Health Care Fund I, L.P. |
| Elyria | OH | Lorain Medical Investors Limited Partnership |
| Escondido | CA | Escondido Medical Investors Limited Partnership |
| Estero | FL | Lee County Medical Investors, LLC |
| Evergreen | CO | Evergreen Operations, LLC |
| Evergreen House | RI | Life Care Centers of America, Inc. |
| Evergreen Nursing | CO | Colorado Medical Investors, LLC |
| Farmington | NM | Farmington Operations, LLC |
| Federal Way | WA | Consolidated Resources Health Care Fund I, L.P. |
| Florissant | MO | Florissant Medical Investors, LLC |
| Fort Wayne | IN | Life Care Centers of America, Inc. |
| Garden Terrace (Aurora) | CO | Denver Healthcare Operations, LLC |
| Garden Terrace (Federal Way) | WA | Federal Way Medical Investors, LLC |
| Garden Terrace (Ft. Worth) | TX | Bryant Irvin Medical Investors, LLC |
| Garden Terrace (Houston) | TX | Cambridge Medical Investors, LLC |
| | | Life Care Centers of America, Inc. |
| Garden Terrace (Overland Park) | KS | Overland Park Medical Investors, LLC |
| Garden Terrace (Salt Lake) | UT | Salt Lake Operations, LLC |
| Gardens Court | FL | Gardens Court Medical Investors, LLC |
| Glendale | AZ | Life Care Centers of America, Inc. |
| | | United Investors Limited Partnership d/b/a United Medical |
| Grandview | MO | Investors Limited Partnership |
| Gray | TN | Gray Medical Investors, LLC |
| Greeley | CO | Weld LTC Investors, LLC |
| Green Valley | IN | Consolidated Resources Health Care Fund I, L.P. |
| Greeneville | TN | Life Care Centers of America, Inc. |
| Gwinnett | GA | Life Care Centers of America, Inc. |
| Hale Anuenue | HI | Hilo Medical Investors LTD |

**ATTACHMENT B**

**Life Care Facility Entities**

| Facility | State | Enrollee |
|---|---|---|
| Hallmark Manor | WA | Consolidated Resources Health Care Fund I, L.P. |
| | | Pueblo Medical Investors, LLC |
| Hallmark Nursing | CO | Hallmark Nursing Operations, LLC |
| | | Haltom Medical Investors, LLC |
| Haltom | TX | Haltom Operations, LLC |
| Hammond-Whiting | IN | Consolidated Resources Health Care Fund I, L.P. |
| Hendersonville | NC | Hendersonville Medical Investors, LLC |
| Heritage (Globe) | AZ | Globe Medical Investors, LLC |
| Heritage Center | TN | Life Care Centers of America, Inc. |
| Heritage Healthcare | IN | Lafayette Medical Investors Limited Partnership |
| | | Colorado Medical Investors, LLC |
| Heritage Park | CO | Heritage Park Operations, LLC |
| Hickory House | PA | Honey Brook Medical Investors Limited Partnership |
| Hickory Woods | TN | Highland Park Medical Investors, LLC |
| Highlands | MA | Highlands Medical Investors, LLC |
| Hilliard | FL | Life Care Centers of America, Inc. |
| Hilo | HI | Hilo Medical Investors LTD |
| Hilton Head | SC | Life Care Centers of America, Inc. |
| Hixson | TN | Life Care Centers of America, Inc. |
| Idaho Falls | ID | Gem Medical Investors Limited Partnership |
| Imperial | CA | Life Care Centers of America, Inc |
| Inverrary | FL | Inverrary Medical Investors, LLC |
| Islands (San Juan Islands) | WA | Cascade Medical Investors Limited Partnership |
| Jacksonville | FL | Duval Medical Investors, LLC |
| Jefferson City | TN | Life Care Centers of America, Inc. |
| Ka Punawai Ola | HI | Oahu Healthcare LLC |
| Kah Tai (Port Townsend) | WA | Cascade Medical Investors Limited Partnership |
| Kansas City | KS | Consolidated Resources Health Care Fund I, L.P. |
| | | Life Care Centers of America, Inc. |
| Kennewick | WA | Kennewick Medical Investors, LLC |
| Kona | HI | Kona Medical Investors, LLC |
| La Canada | AZ | Life Care Centers of America, Inc. |
| | | Life Care Centers of America, Inc. |
| La Center | KY | La Center Operations, LLC |
| La Habra | CA | Life Care Centers of America, Inc. |
| LaGrange | IN | LaGrange Medical Investors Limited Partnership |
| Lake Forest | CA | El Toro Medical Investors Limited Partnership |
| | | Cascade Medical Investors Limited Partnership |
| Lake Vue (Kirkland) | WA | Lake Vue Operations, LLC |
| Lakeside | FL | Consolidated Resources Health Care Fund I, L.P. |
| Lane House | IN | Consolidated Resources Health Care Fund I, L.P. |
| Las Fuentes | AZ | Life Care Centers of America, Inc. |
| Las Vegas | NV | Las Vegas Operations, LLC |
| Laurel Creek | KY | Kentucky Medical Investors, LLC |
| Lawrenceville | GA | Gwinnett Operations, LLC |
| Leominster | MA | Fairlawn Medical Investors, LLC |

| Facility | State | Enrollee |
|---|---|---|
| Lewiston | ID | Clearwater Medical Investors Limited Partnership |
| Littleton | CO | Arapahoe LTC Investors, LLC |
| Longmont | CO | Longmont Medical Investords, Ltd. |
| Lynchburg | TN | Lynchburg Medical Investors, LLC |
| Marysville | WA | Cascade Medical Investors Limited Partnership Marysville Operations, LLC |
| Mayfair | OH | Consolidated Resources Health Care Fund II-Mayfair Nursing Care Center, L.P. |
| McMinnville | OR | McMinnville Medical Investors, LLC |
| Medina | OH | Medina Operations, LLC |
| Melbourne | FL | MelWood Nursing Center, L.L.C. |
| Merrimack Valley | MA | Life Care Centers of America, Inc. Merrimack Valley Operations, LLC |
| Mi Casa | AZ | Mesa United Medical Investors Limited Partnership |
| Michigan City | IN | Michigan City Medical Investors Limited Partnership |
| Mirada Hills | CA | Life Care Centers of America, Inc. |
| Missionary Ridge | TN | Life Care Centers of America, Inc. |
| Mitchell Manor | IN | HART Medical Investors Limited Partnership Mitchell Medical Investors, LLC |
| Morehead | KY | Campbell/Preston Medical Investors, LLC |
| Morgan County | TN | Wartburg Medical Investors Limited Partnership |
| Morristown | TN | Life Care Centers of America, Inc. |
| Mount Vernon | WA | Mt. Vernon Operations, LLC |
| Mountain View | AZ | Life Care Centers of America, Inc. |
| Mountain View | KY | Kentucky Medical Investors, LLC |
| Nashoba Valley | MA | Life Care Centers of America, Inc. |
| New Market | VA | Life Care Associates, LLC |
| New Port Richey | FL | New Port Richey Medical Investors, LLC |
| North Glendale | AZ | Glendale Medical Investors Limited Partnership |
| North Shore | MA | Lynn Medical Investors Limited Partnership |
| North Walk | CA | Life Care Centers of America, Inc. |
| Northwood Hills | MO | Northwood Hills Care Center, LLC |
| Oakridge Home (Westlake) | OH | Life Care Centers of America, Inc. |
| Oaks | MA | New Bedford Medical Investors, LLC |
| Ocala | FL | Life Care Centers of America, Inc. |
| Ocean View | WA | Ocean View Medical Investors, LLC |
| Old Hickory Village | TN | Nashville Medical Investors, LLC |
| Omaha | NE | Consolidated Resources Health Care Fund I, L.P. |
| Ooltewah | TN | Ooltewah Medical Investors Limited Partnership |
| Orange Park | FL | Clay County Medical Investors, LLC |
| Orangegrove | CA | Garden Grove Medical Investors Limited Partnership |
| Orlando | FL | Life Care Centers of America, Inc. |
| Osawatomie | KS | Osawatomie Health Care, Ltd. |
| Palm Bay | FL | Palm Bay Medical Investors, LLC |
| Paradise Valley | AZ | Life Care Centers of America, Inc. |
| Paradise Valley | NV | South Las Vegas Medical Investors Limited Partnership |

## Life Care Facility Entities

| Facility | State | Enrollee |
|----------|-------|----------|
| Parkview | IN | Consolidated Resources Health Care Fund I, L.P. |
| Parkview | KY | Consolidated Resources Health Care Fund I, L.P. |
| Payson | AZ | Payson United Medical Investors, LLC |
| Pensacola | FL | Escambia Medical Investors, LLC |
| Plainwell | MI | Life Care Centers of America, Inc. |
| Plano | TX | Plano Medical Investors Limited Partnership |
| Plymouth | MA | Plymouth Medical Investors Limited Partnership |
| | | Cascade Medical Investors Limited Partnership |
| Port Orchard | WA | Port Orchard Operations, LLC |
| Port St. Lucie | FL | Life Care Centers of America, Inc. |
| Post Falls | ID | Post Falls Medical Investors, LLC |
| Pueblo | CO | South Pueblo Medical Investors, Ltd. |
| Punta Gorda | FL | Punta Gorda Medical Investors Limited Partnership |
| Puyallup | WA | Valley Terrace Operations, LLC |
| Raynham | MA | Raynham Medical Investors Limited Partnership |
| Red Bank | TN | Life Care Centers of America, Inc. |
| Renaissance Park | TX | United Investors Limited Partnership d/b/a United Medical Investirs Limited Partnership (in MO) |
| Reno | NV | The Wedgwood Group, LLC |
| Rensselaer | IN | Rensselaer Medical Investors, LLC |
| Rhea County | TN | Dayton Medical Investors, LLC |
| Richland | WA | Richland Medical Investors, LLC |
| Ridgeview Terrace | TN | Life Care Centers of America, Inc. |
| Rimrock | CA | Life Care Centers of America, Inc. |
| Ritzville | WA | Ritzville Medical Investors, LLC |
| Rivergate Health Care | MI | Riverview Medical Investors Limited Partnership |
| Rivergate Terrace | MI | Riverview Medical Investors Limited Partnership |
| Rochester | IN | Rochester Medical Investors Limited Partnership |
| Saint Louis | MO | C.M.C. Extended Care Center, Inc. |
| San Gabriel | CA | San Gabriel Medical Investors, LLC |
| San Luis | CO | Colorado Medical Investors, LLC |
| Sandpoint | ID | Sandpoint Medical Investors Limited Partnership |
| Sarasota | FL | Life Care Centers of America, Inc. |
| Scottsdale | AZ | Cove Associates Joint Venture |
| Scottsdale Heritage | AZ | Life Care Centers of America, Inc. |
| Seneca | KS | Seneca Operations, LLC |
| Sierra Vista | AZ | Sierra Vista Medical Investors Limited Partnership |
| Skagit Valley | WA | Skagit Valley Operations, LLC |
| | | Valley Terrace Operations, LLC |
| South Hill | WA | South Hill Operations, LLC |
| South Mountain | AZ | Life Care Centers of America, Inc. |
| | | Life Care Centers of America, Inc. |
| South Shore | MA | South Shore Medical Investors, LLC |
| Sparta | TN | Sparta Medical Investors Limited Partnership |
| Stonegate | CO | Douglas Senior Associates, LLC |
| Stoneham | MA | Stoneham Medical Investors Limited Partnership |

**Life Care Facility Entities**

| Facility | State | Enrollee |
|---|---|---|
| Sullivan | MO | Sullivan Operations, LLC |
| Sun City (Menifee) | CA | Life Care Centers of America, Inc. |
| Sun Grove | AZ | Life Care Centers of America, Inc. |
| Treasure Valley | ID | Emerald Medical Investors, LLC |
| | | Life Care Centers of America, Inc. |
| Tucson | AZ | Tucson Medical Investors, LLC |
| Tullahoma | TN | Life Care Centers of America, Inc. |
| University Park | CO | Pueblo Medical Investors, LLC |
| Valley View | ID | Valley View Investors, LLC |
| Valley View Villa | CO | Consolidated Resources Health Care Fund I, L.P. |
| Valley West | OR | Life Care Centers of America, Inc. |
| Valparaiso | IN | Valparaiso Operations, LLC |
| Villa Manor | CO | Life Care Associates IV Limited Partnership |
| Vista | CA | Vista Medical Investors Limited Partnership |
| VossWood | TX | Four Star Medical Investors Limited Partnership |
| Waynesville | MO | Waynesville Medical Investors, LLC |
| Wells Crossing | FL | Life Care Centers of America, Inc. |
| West Bridgewater | MA | West Bridgewater Medical Investors Limited Partnership |
| West Seattle | WA | West Seattle Operations, LLC |
| Westchester House | MO | Consolidated Resources Health Care Fund I, L.P. |
| Western Hills | CO | Life Care Centers of America, Inc. |
| Westminster | CO | Westminster Medical Investors, LLC |
| Westside Village | IN | Westside Limited Partnership |
| Westview | WY | Life Care Centers of America, Inc. |
| Wichita | KS | Wichita Medical Investors, LLC |
| Wilbraham | MA | Wilbraham Medical Investors Limited Partnership |
| Willows | IN | Consolidated Resources Health Care Fund I, L.P. |
| Winter Haven | FL | Life Care Centers of America, Inc. |
| Woodlands | IN | Muncie Medical Investors Limited Partnership |
| Wooldridge | TX | Wooldridge Medical Investors Limited Partnership |
| Yuma | AZ | Life Care Centers of America, Inc. |